1 Joel E. Tasca (admitted *pro hac vice*)
tasca@ballardspahr.com
2 **BALLARD SPAHR LLP**
One Summerlin, 1980 Festival Plaza
3 Drive, Suite 900
Las Vegas, NV 89135-2958
4 Telephone: 702.868.7511
Facsimile: 702.471.7070
5
Susan N. Nikdel (SBN 317921)
6 nikdels@ballardspahr.com
**BALLARD SPAHR LLP**
7 2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
8 Telephone: 424.204.4400
Facsimile: 424.204.4350
9

10 Attorneys for Defendant
HEADWAY CAPITAL, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEADWAY CAPITAL, LLC and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-07769-VAP-KS<br><br>CLASS ACTION<br><br>United States District Virginia A. Phillips<br><br>**STIPULATION TO STAY CASE PENDING THE UNITED STATE SUPREME COURT'S RULING ON THE DEFINITION OF AN "ATDS"** |

Plaintiff Terry Fabricant ("Plaintiff") and defendant Headway Capital, LLC ("Headway") (together, the "Parties"), by and through their attorneys of record, stipulate to, and respectfully request that this Court enter, a stay of this case pending the United States Supreme Court's forthcoming ruling in *Facebook, Inc. v. Duguid* ("*Duguid*") on the Telephone Consumer Protection Act's ("TCPA") definition of an "automatic telephone dialing system" ("ATDS").

In *Duguid*, Facebook, Inc., challenges the Ninth Circuit's definition of an ATDS. In contrast to the conclusions of the Third, Seventh, and Eleventh Circuits, the Ninth Circuit holds that equipment is an ATDS simply if it has the capacity to "store numbers to be called" and "to dial such numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052-53 (9th Cir. 2018). Facebook, Inc., has requested—and the Supreme Court has granted—certiorari on the following issue:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

Pet'n for Writ of Certiorari, *Duguid*, No. 19-511 (Oct. 17, 2019); *see also Duguid*, 2020 U.S. LEXIS 3559, at *1. The Supreme Court is now poised to resolve the growing circuit split and determine the meaning of an ATDS in the June 2021 term.

This imminent ruling by the Supreme Court warrants a stay in this case. Whether Headway called Plaintiff using an ATDS is a central issue. Here, a stay pending the *Duguid* decision will promote judicial economy, ensure efficient discovery and fairness, and avoid needless expense to the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing the district court's discretion to stay cases). Additionally, the requested stay has a finite period that is likely short, as the Supreme Court "usually issues its decision within three months of oral

argument; only the very rare case bounces around the chambers for more than six months, and almost every decision is issued in the same term in which the case is argued." *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 (Mar. 2015).

For these reasons, Headway and Plaintiff stipulate and respectfully request that this Court stay this case until the United States Supreme Court rules on the Ninth Circuit's definition of an ATDS in *Duguid.*

| | |
|---|---|
| Dated: February 8, 2021 | LAW OFFICES OF TODD M. FRIEDMAN PC.<br>Adrian Bacon<br><br>By:   */s/ Adrian Bacon*<br>      Adrian Bacon, Esq.<br>      Attorneys for Plaintiff<br>      TERRY FABRICANT |
| Dated: February 8, 2021 | BALLARD SPAHR, LLP<br>Susan N. Nikdel<br><br>By:   */s/ Susan N. Nikdel*<br>      Susan N. Nikdel<br>      Attorneys for Defendant<br>      HEADWAY CAPITAL, LLC |

All signatories listed on whose behalf this filing is submitted concur in the filing's content and have authorized the filing (L.R. 5-4.3.4(a)(2)(i))

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2021, I electronically filed a true and correct copy of the foregoing **STIPULATION TO STAY CASE PENDING THE UNITED STATE SUPREME COURT'S RULING ON THE DEFINITION OF AN "ATDS"** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

Adrian Robert Bacon
Law Offices of Todd M Friedman PC
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367
323-306-4234
Fax: 866-633-0228
Email: abacon@toddflaw.com

*Attorneys for Plaintiff*

                                                */s/ Susan N. Nikdel*
                                                Susan N. Nikdel

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915